UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE R. MILLER,

          Plaintiff,

v.

THE RUSSELL FAMILY FOUNDATION,

          Defendant.

CASE NO. C11-5466BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on The Russell Family Foundation's ("Russell") Motion for Summary Judgment. Dkt. 14. The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons stated herein, the Court hereby grants the motion.

**I. DISCUSSION**

Plaintiff Jesse R. Miller ("Miller") is a 38-year-old African American woman who claims that her former employer, Russell, subjected her to racial stereotyping and discrimination and then ultimately fired her. Dkt. 4 at 2-4. In her complaint, Miller has asserted claims under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. Dkt. 4 at 4.

ORDER - 1

1    In the instant motion, Russell moves for summary judgment on grounds that
2 Miller neglected to timely file her underlying charges with the Washington State Human
3 Rights Commission ("WSHRC") or Equal Employment Opportunity Commission
4 ("EEOC"). *See* Dkt. 14. Arguing that Miller has failed to exhaust her administrative
5 remedies, Russell contends that the Court does not have federal matter jurisdiction with
6 respect to the Title VII claim. *Id*. at 4-6. Alternately, Russell argues that it does not meet
7 the statutory definition of "employer" under either ADA or Title VII. *Id*. at 6.

8    The Court agrees on both grounds. In her complaint, Miller alleges that the
9 discrimination that is the subject of the lawsuit occurred on or about December 18, 2009,
10 the date that Russell terminated her. *Id*. at 5. Accordingly, pursuant to 42 U.S.C.
11 § 2000e-5(e)(1), Miller had, at most, 300 days following the date of discrimination to file
12 her claim with the EEOC or WSHRC, or, in this case, until October 14, 2010. Miller
13 asserts that she filed charges with the EEOC on October 21, 2010 (Dkt. 14 at 4), although
14 it appears that the actual date of filing was January 21, 2011. *See* Dkt. 15-1. In either
15 case, the Court finds that Miller's claim was untimely. Accordingly, the Court grants
16 Russell summary judgment with respect to the Title VII claim.[1]

17    Moreover, the Court finds in viewing the evidence most favorably to the Miller
18 that she cannot sustain her ADA and Title VII claim because Russell does not meet the

---

[1] With her response, Miller submitted various emails to establish the timing of her interactions with WSHRC. *See* Dkt. 16. Moreover, on February 16, 2012, Miller submitted a declaration styled as a surresponse. Dkt. 27. Russell moved to strike both the emails and the surresponse as untimely, unauthenticated and/or inadmissible hearsay. Dkt. 18 at 7; Dkt. 28. The Court finds that neither the emails nor Plaintiff's declaration impact the outcome of this motion, and, therefore, the Court declines to strike them.

ORDER - 2

statutory definition of "employer" under either ADA or Title VII, both of which require that Russell employ 15 or more employees. *See* 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111. Russell has established that it did not employ 15 or more people for each of 20 or more calendar weeks, as required, in the relevant time period. *See* Dkts. 15, 17, 19-21. Although a plaintiff may assert a cognizable Title VII claim against an entity with less than 15 employees where that entity is interconnected with another entity so to form an integrated enterprise, the Court finds that there was no competent evidence to support a conclusion that there was an integrated enterprise in this case. *See Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 929 (9th Cir. 2003); *N.L.R.B. v. Transcontinental Theaters, Inc.*, 568 F.2d 125, 129 (9th Cir. 1978). Moreover, the Court finds that Miller has failed to produce any competent evidence to support her theory that Russell is a "joint employer," which would, in certain circumstances, subject an employer with less than 15 employees to Title VII applicability. Miller's assertions to the contrary are simply unsupported conclusions.

## II. ORDER

Therefore, it is hereby **ORDERED** that Russell's Motion for Summary Judgment (Dkt. 14) is **GRANTED**.

Dated this 23rd day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge